OPINION
{¶ 1} This accelerated calendar appeal, submitted on the record and briefs of the parties, arises from the Trumbull County Court of Common Pleas, wherein the court entered judgment in favor of appellee, William A. Eckart, Zoning Inspector, granting injunctive relief regarding the enforcement of a Hartford Township zoning resolution.
 {¶ 2} Allen and Norma Coonce ("the Coonces"), owned and resided on 88.92 acres of land located at 4068 State Route 7 NE in Hartford Township, Trumbull County, Ohio. On April 27, 2001, appellee, the Zoning Inspector for Hartford Township, Ohio, filed a complaint for preliminary and permanent injunctive relief against the Coonces pursuant to R.C. 519.24. The complaint alleged that the Coonces' property was in violation of Section 28: Prohibited Uses, of the Hartford Township Zoning Resolution.
 {¶ 3} The Coonces filed an answer on May 16, 2001, contending that the use of their property predated zoning in Hartford Township and qualified as a non-conforming use as set forth in Section 12 of the Hartford Township Zoning Ordinance.
 {¶ 4} A bench trial was subsequently held on June 28, 2002. Testimony was given by appellee; appellant, Allen Coonce; Florence Shay, appellant's neighbor; and the Honorable Judge John M. Stuard, an expert in zoning. At the conclusion of the trial, the court ordered both parties to submit their proposed findings of fact and conclusions of law. The submissions were made, and the trial court issued its findings on July 10, 2003. The court entered judgment in favor of appellee, granting the requested injunctive relief, with findings of fact and conclusions of law.
 {¶ 5} Norma Coonce died as the case was pending. On July 30, 2003, a suggestion of her death was filed with the court pursuant to Civ.R. 25(E). Appellant, Allen Coonce, filed a notice of appeal on August 6, 2003, presenting a single assignment of error on appeal:
 {¶ 6} "The trial court's decision that defendant-appellants' use of their property was in violation of Section 28: Prohibited Uses of the Hartford Township Zoning Resolution was in error and against the manifest weight of the evidence."
 {¶ 7} In an action for a zoning violation, the township has the initial burden of proving the violation.[1] To that end, the township must establish that appellant was the owner of the property at issue and that the local ordinance prohibits the conduct.[2] Thereafter, the burden then shifts to the party asserting the right to continuation of a nonconforming use.[3] That party must establish that the use existed prior to the effective date of the ordinance and that the use was lawful.[4]
 {¶ 8} Moreover, a judgment supported by competent, credible evidence going to all of the essential elements of a case will not be reversed as being against the manifest weight of the evidence.[5]
 {¶ 9} Section 28: Prohibited Uses, of the Hartford Township Zoning Resolution, effective August 31, 1994, admitted into evidence at trial, reads, in pertinent part:
 {¶ 10} "The following uses shall be deemed to constitute a nuisance and shall not be permitted in Hartford Township:
 {¶ 11} "* * *
 {¶ 12} "(7) Dumping, storing, burying, reducing, disposing of or burning garbage, refuse, scrap metal, rubbish, offal or dead animals, electronic waste (including, but not limited to, television and radio parts, computer debris, and other electronic materials), medical waste of any type or kind; chemical waste of any type or kind; solid waste material and facilities; construction and demolition debris and facilities; infectious waste material and facilities; hazardous and/or toxic waste material and facilities. This section shall not be applicable to the normal care of individual lawns or gardens or pursuits incidental to agricultural purposes.
 {¶ 13} "* * *
 {¶ 14} "(9) Junk yards, automobile graveyards or places for the collection or sale of scrap metal, salvaged automobile parts * * * [a]bandoned, wrecked, dismantled, inoperable, unused and/or unlicensed motor vehicles, trailers, aircraft, boats, or pieces of farm equipment or any accumulation or combination thereof, unless parked or stored in a garage, barn, or other structures, and not exposed to public view. Failure to comply after (30) days notice of removal shall constitute a misdemeanor[.]"
 {¶ 15} The parties do not dispute ownership of the property. Appellee testified that on a number of visits to the property he observed various unlicensed automobiles and automobile parts, rusty, inoperable farm machinery, and a tractor-trailer and various other motor vehicle parts. Appellee also presented various photographs, from a variety of viewpoints, revealing the same. Appellee testified that a criminal complaint had been filed against the Coonces for the violation. He testified that the Coonces had been found guilty of the violation but that the condition of the property had deteriorated since the conviction, resulting in the current complaint for injunctive relief.
 {¶ 16} The Coonces presented the testimony of their neighbor, Florence Shay, and Judge Stuard. Both testified that the Coonces had used the property continually for a number of years for agricultural purposes and that it was common to possess inoperable farm machinery to be used for their parts. Appellant, Allen Coonce, also presented testimony regarding his use of the property for agricultural purposes since 1955. He also testified that during recent years he did not use the property for farming purposes but that he had been gaining income as a tractor-trailer driver and from operating a small motor vehicle repair business on the property. Appellant conceded that the number of motor vehicles on the property currently had not been there in the past and that the vehicles were currently all inoperable.
 {¶ 17} In the instant case, appellee established the essential elements of the zoning violation. Both the testimony of appellee, William Eckart, and the photographic evidence, demonstrate that the accumulation of motor vehicles and other mechanical waste were in violation of the zoning resolution. In order to establish a claim for nonconforming use, appellant had the burden of demonstrating that he had been using the property in that manner prior to the existence of the resolution and that the use was lawful. Appellant did not meet this burden. His testimony reveals that he had used the property primarily for agricultural purposes since 1955 but that only in recent years had he begun using the property for tractor-trailer storage and motor vehicle repair. He also testified that the accumulation of inoperable vehicles and other mechanical waste had only occurred over the last several years. Thus, appellant did not meet his burden of establishing a nonconforming use.
 {¶ 18} Thus, as appellee presented competent, credible evidence that the Coonces were in violation of the zoning resolution, and appellant did not establish a nonconforming use, we conclude that the trial court's judgment in favor of appellee was not against the manifest weight of the evidence.
 {¶ 19} Appellant's assignment of error is without merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.
Christley, J., Grendell, J., concur.
[1] Edinburg Twp. Trustees v. 14 76 Novelty Co., Inc. (June 30, 1992), 11th Dist. No. 91-P-2366, 1992 Ohio App. LEXIS 3731, at *4.
[2] Id.
[3] Id.
[4] Petti v. Richmond Hts. (1983), 5 Ohio St.3d 129, 131, fn.1.
[5] (Citations omitted.) State v. Schiebel (1990),55 Ohio St.3d 71, 74.